13-3843-cv
*Papaspiridakos v. Education Affiliates, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fourteen.

PRESENT:     JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*,
             PAUL A. ENGELMAYER,[*]
                     *District Judge.*

---

NICK PAPASPIRIDAKOS,

    *Plaintiff-Appellant*,

      v.                                    No. 13-3843-cv

EDUCATION AFFILIATES, INC.,

    *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Nick Papaspiridakos, *pro se*, Middle Village, NY. |
| **FOR DEFENDANT-APPELLEE:** | Jonathan L. Frank, Steven J. Kolleeny, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY. |

---

[*] The Honorable Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for Eastern District of New York (Raymond J. Dearie, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Nick Papaspiradakos, proceeding *pro se*, appeals from the District Court's September 12, 2013 entry of summary judgment dismissing his claims for breach of contract and deceptive business practices, and September 30, 2013 order denying reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). We review the denial of a motion for reconsideration for abuse of discretion. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Upon *de novo* review of the record and relevant case law, we conclude that the District Court properly granted summary judgment in favor of defendant, substantially for the reasons stated in its September 11, 2013 order. The District Court correctly found that it lacks subject-matter jurisdiction over any claim that plaintiff was improperly dismissed from St. Paul's School of Nursing. *See Gertler v. Goodgold*, 487 N.Y.S.2d 565, 570 (1st Dep't 1985) ("[I]nternal administrative and academic determinations . . . are redressable, if at all, in an Article 78 proceeding, not a plenary action."). It also properly found that Papaspiradakos's claims—for example, that one of St. Paul's classrooms contains only four microscopes and "a solitary plastic skeleton," or that St. Paul's faculty is "disinterested, malicious, [and] intentionally incompetent"—either sound in inactionable educational malpractice, fail to show breach of a specific promise, or are unsupported by the evidence. *See Hoffman v. Bd. of Ed. of City of New York*, 49 N.Y.2d 121, 125 (1979); *Paladino v. Adelphi Univ.*, 454 N.Y.S.2d 868, 873 (2d Dep't 1982); *see also Papaspiridakos v. Educ. Affiliates, Inc.*, No. 10 Civ. 5628, 2013 WL 4899136, at *4–*6 (E.D.N.Y. Sept. 11, 2013). Moreover, St. Paul's display of a plaque stating that it was a member of the National League of Nursing (which Papaspiradakos did not even see until after he was suspended) is not a deceptive business practice because St. Paul's was, in fact, a member of the National League of Nursing in 2000.

The District Court also did not abuse its discretion in denying Papaspiradakos's motion for reconsideration. Papaspiradakos's motion merely attempted to relitigate questions already decided.

*See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

We have considered all of the arguments raised by Papaspiridakos on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's September 12, 2013 judgment and September 30, 2013 order denying reconsideration.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We also deny as moot defendant's motion to strike portions of Papaspiradakos's appendix and brief (ECF No. 47), inasmuch as any supplemental materials that Papaspiradakos may have submitted that were not before the District Court do not affect our review and disposition of this case.

3